The Law Offices of Avrum J. Rosen, PLLC
Proposed Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow
Avrum J. Rosen

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

          FRANCISCO CHAVEZ,

                           Debtor.

Chapter 7
Case No.: 10-49733-cec

-----------------------------------------------------------------x

**APPLICATION OF DEBRA KRAMER, ESQ.
AS TRUSTEE OF THE ESTATE OF FRANCISCO CHAVEZ
FOR ENTRY OF AN ORDER PURSUANT TO FED. R. BANKR. P. 2004
DIRECTING FRANCESCO CHAVEZ TO PRODUCE DOCUMENTS AND
TO TAKE ORAL DEPOSITION**

      Debra Kramer, Esq., as chapter 7 trustee (the "Trustee") of the estate of Francesco Chavez (the "Debtor"), by and through her proposed counsel, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this application (the "Application") for entry of an Order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing Francisco Chavez, to produce documents and to take his oral deposition and to further authorize the Trustee to serve the subpoena via regular first class mail.

**BACKGROUND INFORMATION**

      1.      The Debtor filed a voluntary petition for relief pursuant to chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on October 18, 2010.

      2.      Debra Kramer was appointed the interim chapter 7 trustee and thereafter did qualify as the permanent case trustee.

      3.      The Debtor was examined by the Trustee at the Section 341 meeting of creditors. Based upon the information contained in the Debtor's petition, the Debtor's amended schedules

and the Debtor's testimony at the Section 341 meeting of creditors, the Trustee filed a no asset report.

4. The Debtor thereafter received a discharge on January 19, 2011.

5. Subsequent to the Debtor receiving his discharge, the Trustee was advised that the Debtor owns real property located in Ecuador which was not listed in the petition or otherwise disclosed to the Trustee. Upon information and belief, the Debtor may own a rental building and a house located in Ecuador and may be collecting rent in connection with said properties. Upon information and belief, the Debtor may also maintain a bank account located in Ecuador.

6. On or about February 1, 2011, the Trustee rescinded her no asset report which was filed in connection with the above referenced case.

7. By way of this application, the Trustee is seeking documentation regarding any and all real property that the Debtor may own located in Ecuador. The Trustee is also seeking tax returns filed by the Debtor with any government agency in the last three years, any and all domestic and/or foreign bank account statements of the Debtor and a list of all assets of the Debtor not disclosed in the petition and the Debtor's amended scheduled. The Trustee also wishes to conduct a 2004 oral examination of the Debtor to gather information regarding possible undisclosed pre-petition assets.

## RELIEF REQUESTED

8. By this Application, the Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto compelling Francisco Chavez to produce (i) the documents specified in Schedule "A" to the proposed subpoena (annexed hereto as Exhibit "A"), and (ii) directing him to appear for a deposition within fourteen (14) days of the date of entry of

the Order and further authorizing the Trustee to serve the proposed subpoena upon Francisco Chavez via regular mail.

9. Bankruptcy Rule 2004 provides, in pertinent part, as follows:

> (a) Examination on Motion. On Motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of any entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired by the debtor for purposes of consummating a plan and the consideration given therefor, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an office of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

Fed. R. Bankr. P. 2004(a), (c), (d).

10. As a threshold matter, the Trustee has the absolute right to be heard in this case pursuant to 11 U.S.C. § 1109(b)("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.").

11. Examinations under Rule 2004 include within their scope, *inter alia,* any matter that may relate to the property and assets of the estate; the financial condition of the debtor; any

matter that may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formation of a plan. *See,* Fed. R. Bankr. P. 2004(a), (c) and (d). Court have consistently recognized that the scope of discovery under Bankruptcy Rule 2004 is extraordinarily broad. *See, e.g., In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (holding that the scope of a Rule 2004 examination is "admittedly unfettered and broad". (citations omitted).

12. The discovery sought by this Application goes directly to the acts, conduct and administration of the Debtors' estate. Specifically, the Trustee seeks, *inter alia,* information relating to the Debtor's interest in the items described herein. Accordingly, the requested discovery is directly related to the "acts, conduct or property or to the liabilities of the Debtor's estate" and is appropriate under Rule 2004.

WHEREFORE, the Trustee respectfully requests that this Court grant the Application in its entirety and enter an Order substantially in the form of the proposed Order annexed hereto and grant any such further relief as this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
       June 22, 2011

                                    The Law Offices of Avrum J. Rosen, PLLC
                                    Proposed Counsel to the Trustee

                  BY:    S/Fred S. Kantrow
                            Fred S. Kantrow
                            38 New Street
                            Huntington, New York 11743
                            631 423 8527

Fkantrow@avrumrosenlaw.com