The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow
George N. Bara

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | RETURN DATE: 8/11/11 |
| EASTERN DISTRICT OF NEW YORK | RETURN TIME: 11:00 a.m. |

-------------------------------------------------------------------x
In re:

                      Chapter 7

       FRANCISCO CHAVEZ,          Case No.: 10-49733-cec

                   Debtor.

-------------------------------------------------------------------x

**TRUSTEE'S APPLICATION FOR THE ENTRY OF AN ORDER (i) COMPELLING FRANCISCO CHAVEZ TO PRODUCE DOCUMENTS AND APPEAR FOR DEPOSITION PURSUANT TO AN ORDER OF THIS COURT AND (ii) HOLDING FRANCISCO CHAVEZ IN CONTEMPT FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER AND SUBPOENA <u>AND IMPOSING SANCTIONS AS A RESULT THEREOF</u>**

        Debra Kramer, the trustee (the **"<u>Trustee</u>"**) in the above captioned chapter 7 case, by and through her attorneys, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for her application (the **"<u>Application</u>"**) seeking the entry of an Order (i) compelling Francisco Chavez (**"<u>Chavez</u>"** and/or **"<u>Debtor</u>"**) to comply with an Order of this Court; and (ii) holding Chavez in contempt for his failure to comply with this Court's Order and subpoena and imposing sanctions as a result thereof, and states as follows:

        1.       The Debtor filed a voluntary petition for relief pursuant to chapter 7 of title 11 of the United States Code (the **"<u>Bankruptcy Code</u>"**) on October 18, 2010.

        2.       Debra Kramer was appointed the interim chapter 7 trustee and thereafter did qualify as the permanent case trustee.

        3.       The Debtor was examined by the Trustee at the Section 341 meeting of creditors.

Based upon the information contained in the Debtor's petition, the Debtor's amended schedules, and the Debtor's testimony at the Section 341 meeting of creditors, the Trustee filed a no asset report.

4. The Debtor received a discharge on January 19, 2011.

5. Subsequent to the Debtor receiving his discharge, the Trustee was advised that the Debtor owns real property located in Ecuador which was not listed in the petition or otherwise disclosed to the Trustee. Upon information and belief, the Debtor may own a rental building and a house located in Ecuador, and may be collecting rent in connection with said properties. Additionally, upon information and belief, the Debtor may also maintain a bank account located in Ecuador.

6. By application dated June 22, 2011, the Trustee sought and obtained an Order (the "**Order**") of the Court, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), directing Chavez to appear for a deposition and to produce documents as detailed on Schedule A annexed to the application and the subpoena. A copy of the Order, Schedule A, and the subpoena are all annexed hereto as **Exhibit "A"**.

7. Subsequent to the entry of the Order, the undersigned sent a letter to Chavez by both Federal Express overnight mail and first class postal mail. The letter informed Chavez of his obligation to comply with the Order, and demanded that Chavez contact the undersigned's office to arrange a deposition and deliver the documents demanded by no later than July 20, 2011. A copy of the letter is annexed hereto as **Exhibit "B"**.

8. Chavez has ignored the Order of this Court and the duly served subpoena by failing to arrange for a deposition, and by failing to produce any of the demanded documents.

9.  By this Application, the Trustee seeks the entry of an Order compelling Chavez to produce the documents demanded and arrange for a deposition to be conducted at the office of the undersigned as the Trustee is unable to continue and/or complete her investigation of the affairs of the Debtor without this pertinent information.

10. Section 105 of the Bankruptcy Code provides the Court with the power to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title". In this case, Chavez has refused to contact the undersigned to arrange for a deposition and refused to produce those documents demanded pursuant to the duly served subpoena.

11. The Trustee believes that imposing monetary sanctions against Chavez for his wilful disregard for the Order of this Court and the duly issued subpoena is appropriate in this case. Respectfully, the Trustee suggests that Court impose a sanction of $100.00 per day for each day that Chavez has failed to comply with the duly served subpoena.

WHEREFORE, it is respectfully requested that this Honorable Court grant the relief sought herein together with such other and further relief that the Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
July 22, 2011

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for the Trustee

BY:  S/Fred S. Kantrow
Fred S. Kantrow
George N. Bara
38 New Street
Huntington, New York 11743
631 423 8527
Fkantrow@avrumrosenlaw.com